# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| James M. Reese,<br><br>    Plaintiff,<br><br> v.<br><br>Gregory Bryan, *et al*.,<br><br>    Defendants. | Case No. 2:19-cv-00512-RFB-BNW<br><br>**ORDER re ECF No. 68** |

Before the Court is Plaintiff's motion to compel discovery and request for sanctions. ECF No. 68. Defendants oppose at ECF No. 72, and Plaintiff replies at ECF No. 74. While Plaintiff files a motion to compel under Fed. R. Civ. P 37(a), he actually seeks to enforce the Court's order from February 15, 2022. Thus, the Court construes the motion as one under Fed. R. Civ. P 37(b)(2).

**I. Parties' Arguments**

Plaintiff seeks compliance with the Court's February 15, 2022 Order regarding medical records. He states that the Court ordered Defendants to produce specific disclosures (e.g., "ultrasounds, reports, fibroscans, etc.") by March 4, 2022. ECF No. 69 at 2. Plaintiff's position is that, as of March 21, 2022 (the day he prepared the motion), Defendants had not complied with the Order. He seeks $2,500 in sanctions under Fed. R. Civ. P 37(b) for the failure to comply with this Court's Order.

Defendants argue there has been no attempt to meet and confer and, as a result, the Court should simply deny the motion. In addition, Defendants respond that the medical records were already produced—twice—rendering the motion moot. They explain that the first time the medical records were produced was to the warden, as the Court never specifically ordered that Plaintiff be allowed to have the records in his cell. ECF No. 72 at 2-3. But in any event, Defendants explain that (in order to avoid a dispute) they decided to provide the medical records

directly to Plaintiff. Lastly, they argue that sanctions, if applicable, would fall under Fed. R. Civ. P. 37(d)—not Fed. R. Civ. P. 37(b)—and requires a meet and confer.

Plaintiff's reply goes beyond addressing Defendants' response and adds several other requests. As to the issues in this motion, Plaintiff argues that the Court clearly ordered for the records to be produced to him *in his cell*. He also argues that he did receive records (32 days after they were due) but that Defendants only partially complied with the Order because he did not receive all the medical records.

## II.     Analysis

Fed. R. Civ. P. 37(b) permits sanctions to be imposed against a party for failing to comply with court orders under Fed. R. Civ. P 37(a). If sanctions identified by Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) are imposed, then Fed. R. Civ. P. 37(b)(2)(C) requires that "[i]nstead of or in addition to the [sanctions identified by Fed. R. Civ. P. 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

In contrast to many of the sanctions provisions, there is not a meet-and-confer requirement when a party files a motion for sanctions under 37(b). *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 322, 325 (D. Ariz. 2018). Nor do the Local Rules require a meet and confer for this type of motion.

Plaintiff correctly states that, on February 15, 2022, the Court ordered the production of discovery to him *directly* such that he could review it in his cell. *See* ECF No. 64; Feb 15, 2022 audio hearing 10:14:56-10:16:13. Thus, contrary to what Defendants state, the Order was very specific.[1] But the Order was not as inclusive as Plaintiff would like it to be. The Order covered the entire medical records for 2022—not for years prior to 2022. *See id*. Neither did the Order specify the types of test results that would be found among those records. Should Plaintiff seek

---

[1] Defendants should not rely only on the Court minutes when following through with discovery orders; the Court's oral ruling provided much more detail than what the minute order stated. In addition, the minute order specifically referred Defendants to its ruling "as stated in open court." ECF No. 64.

additional documents, he must first request them from the defense. Before filing any additional motions to compel, he also must first meet and confer with the defense.

The volume of documents Defendants produced appear to correspond with the February 15, 2022 order (records from January 1, 2022 through February 24, 2022 bate stamped 1358-1365).[2] As indicated by the language of Rule 37(b), a court has discretion whether to issue sanctions, and if so, what types of sanctions to issue. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976) ("By the very nature of its language, sanctions imposed under Rule 37(b) must be left to the sound discretion of the trial judge."). The Court, in its discretion, does not believe sanctions are appropriate at this time. The Court advises Defendants that while it will deny this motion given Plaintiff has ultimately received the production of documents ordered by the Court, this motion may have been avoided if Defendants had complied with the Order in its entirety (issuing documents directly to Plaintiff so that he could review them in his cell by the deadline imposed by the Court). Moreover, the Court counsels the defense to be more careful in their representations to the Court.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Compel Discovery and Request for Sanctions (at ECF No. 68) is DENIED.

**IT IS FURTHER ORDERED** that the motion hearing set for May 9, 2022 is VACATED.

DATED: April 27, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] If Plaintiff's contention is that he has not been provided with medical records from January 1, 2022 through February 24, 2022, he can file a motion clarifying what is missing.